UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA SACK, | ) | Case No. 1:25 CV 1641 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Plaintiff Lisa Sack's ("Plaintiff" or "Sack")
Social Security Complaint (ECF No. 1), seeking judicial review of the denial of her Disability
Insurance Benefits ("DIB") by Defendant Commissioner of Social Security (the "Commissioner").

Sack first filed for DIB on October 24, 2022. (R. & R. at PageID 836.) Her claims were
denied initially and on reconsideration, and she was granted her request for a Hearing before an
Administrative Law Judge ("ALJ"). On June 26, 2024, the ALJ's written decision denied DIB again,
determining Sack was not disabled. Sack's request for the Appeals Council's review was denied, at
which point the ALJ's decision became the final decision of the Commissioner. Thereafter, on
August 6, 2025, Sack filed a Complaint (ECF No. 1) in this court. The case was referred to
Magistrate Judge Reuben J. Sheperd (the "Magistrate" or "Judge Sheperd"), for preparation of a
Report and Recommendation ("R&R"). (ECF No. 9.)  Both parties filed Briefs on the Merits. (ECF
Nos. 6, 7.) Sack also filed a Reply. (ECF No. 8.)

Sack requests that this court reverse and remand the Commissioner's denial of her DIB, on

the grounds that the ALJ's decision was "unsupported by substantial evidence as she improperly found that Ms. Sack's mental impairments are non-severe." (ECF No. 6, Pl.'s Br. at PageID 813.) The "most striking" error, Sack contends, was the ALJ's failure to evaluate medical opinion evidence from Dr. Klimowicz. (*Id.* at PageID 810–17.) The Commissioner seeks judgment affirming the final decision below, arguing it was supported by substantial evidence, and also that the ALJ did not have to consider Dr. Klimowicz's statements "on an issue reserved to the Commissioner which is inherently neither valuable nor persuasive" to the ALJ. (ECF No. 7, Def.'s Br. at PageID 824–28.)

On April 6, 2026, Judge Sheperd issued his R&R, recommending the court vacate and remand the Commissioner's final decision. (R. & R. at PageID 850.) In it, Judge Sheperd concluded that the ALJ did not apply proper legal standards to consider whether Sack had a "severe impairment" qualifying for DIB, and thereby "erred in determining that Sack's mental impairments are non-severe." (*Id.* at PageID 846–49.) He explained that "the record provides evidence that [Sack's] impairments interfered with her basic work activities," and there is not substantial evidence supporting the ALJ's opposite conclusion that Sack "had no medically determinable impairments that could be expected to limit her ability to perform basic work-related activities." (*Id.*) More specifically, Judge Sheperd found: (1) thorough review of the record, including testimony and treatment notes, reflects "symptoms with varying degrees of functional implication," and "visits indicating more significant concerns" than the ALJ acknowledged; and (2) Dr. Klimowicz's opinion "very specifically indicated that Sack lacked the capacity to perform activities," which the ALJ should have considered as "restrictions, described in vocational terms, specifying what functional limitations would be barriers to employment." (*Id.*) Therefore, the R&R concluded: "it was error for the ALJ to end their review at Step Two, [and] so again is it error for the ALJ to not continue their

review through the remaining steps of the sequential evaluation, including a full consideration of Dr. Klimowicz's medical opinion." (*Id.* at PageID 849.)

The R&R advised the parties that any objections were due within 14 days. (*Id.* at PageID 850.) However, neither party has objected to the R&R. In the absence of specific objections to the Magistrate's findings or recommendations, "[a] reexamination of the exact same argument that was presented to the Magistrate Judge . . . wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard v. Sec'y of Health and Hum. Servs.,* 932 F.2d 505, 509 (6th Cir. 1991)). Thus, where no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes.

After careful *de novo* review of the R&R and associated record, the court finds that there is no clear error on the face of the R&R, and that it is fully supported by the record and applicable legal standards.  Accordingly, the court adopts the Report and Recommendation (ECF No. 9) as its own. The court hereby vacates the Commissioner's decision denying Plaintiff's Disability Insurance Benefits, and remands the matter. On remand, the ALJ is instructed to reconsider its finding that Sack had no severe medically determinable impairments that could be expected to limit her ability to perform basic work-related activities, in accordance with the R&R—including full consideration of Dr. Klimowicz's medical opinion.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 30, 2026

-3-